IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE OLVERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 4:21-cv-02228 |
| | § | |
| DOLLAR TREE STORES, INC., | § | Jury Demand |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

### I.
### COURT AND PARTY INFORMATION

1. DOLLAR TREE STORES, INC. is the defendant in a civil action commenced on June 10, 2021 in the 125th District Court of Harris County, Texas, entitled *Jacqueline Olvera v. Dollar Tree Stores, Inc.*, Cause No. 2021-34847 ("State Court Action"). Copies of the (1) Court Docket Sheet; (2) Original Petition of Plaintiff Jacqueline Olvera Against Defendant Dollar Tree Stores, Inc.; (3) Civil Process Request; (4) Affidavit of Service of Defendant Dollar Tree Stores, Inc.; and (5) Defendant Dollar Tree Stores, Inc.'s Original Answer are attached hereto and constitute all process, pleadings and orders served in the State Court Action. *See* Index of State Court Documents attached hereto. The address for the 125th District Court of Harris County, Texas is as follows: Harris County Civil Courthouse, 201 Caroline, 10th Floor, Houston, Texas 77002.

2. Plaintiff in the State Court Action is Jacqueline Olvera ("Plaintiff"). Plaintiff is

represented by Mario E. De La Garza (Texas Bar No. 24040785) and Daniele P. Armenta (Texas Bar No. 24123162) of The De La Garza Law Group, 1616 S. Voss, Suite 870, Houston, Texas 77057, (713) 784-1010, mdelagarza@dgltriallaw.com, darmenta@dlgtriallaw.com. Dollar Tree Stores, Inc. ("Defendant" or "Dollar Tree") is the defendant in the State Court Action and is represented by Kenneth C. Riney (Texas Bar No. 24046721) and Clayton S. Carter (Texas Bar No. 24120750) of Kane Russell Coleman Logan PC, 901 Main Street, Suite 5200, Dallas, Texas 75202, (214) 777-4200, kriney@krcl.com, ccarter@krcl.com.

## II.
## STATE COURT ACTION

3. Plaintiff claims that on or about December 5, 2019, she was injured while on the premises of a Dollar Tree Store located at 6926 Antoine Dr., Houston, Texas 77091, when she slipped on a substance on the floor, causing her to fall.

4. Defendant requested a trial by jury in the State Court Action, and the jury fee has been paid.

## III.
## GROUNDS FOR REMOVAL

5. Defendant files this Notice of Removal on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a). A suit may be removed from state court to federal court on the grounds of diversity jurisdiction when the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Except as otherwise expressly provided by an Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441. The Houston Division of the

Southern District of Texas is the United States district and division embracing Harris County, Texas, the county in which the State Court Action is pending.

**A.    This Notice of Removal is timely filed.**

7.    The citation and petition in this action were served on Defendant on June 10, 2021, by serving Defendant's registered agent. This Notice of Removal is filed within thirty (30) days of receipt of the citation and petition and is, therefore, timely filed pursuant to U.S.C. § 1446(b).

**B.    Complete diversity exists between the parties properly joined.**

8.    This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.  Complete diversity exists in this case because Plaintiff and Defendant are citizens of different states.

**(i)    Plaintiff**

9.    As stated in Plaintiff's Original Petition, Plaintiff is a resident of Harris County, Texas. Thus, Plaintiff is now, and was at the time this action commenced, a citizen of the State of Texas.

**(ii)    Defendant**

10.    Defendant Dollar Tree is a corporation formed under the laws of the Commonwealth of Virginia, having its principal place of business now and at the time this action was commenced in Chesapeake, Virginia.  Thus, Defendant Dollar Tree is now and was at the time this action was commenced a citizen of the Commonwealth of Virginia and of no other state.

11.    As Plaintiff is a citizen of the State of Texas and not of the Commonwealth of

Virginia, complete diversity exists pursuant to 28 U.S.C. § 1332.

C. **The amount in controversy requirement is satisfied**.

12. As reflected in Plaintiff's Original Petition, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. Specifically, as explicitly stated in Plaintiff's Original Petition, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000. *See* Plaintiff's Original Petition, ¶ 14. Therefore, the estimate of damages that has been put at issue in this action by Plaintiff and the amount in controversy in this action exceeds $75,000.

13. Removal of the State Court Action is proper pursuant to 28 U.S.C. § 1441, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332(a) because Plaintiff and Defendant are diverse in citizenship.

**WHEREFORE**, Defendant, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 125th District Court, Harris County, Texas to this Court on this 9th day of July, 2021.

NOTICE OF REMOVAL                                                                                         PAGE 4
8587962 v1 (79656.00103.000)

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kenneth C. Riney*
Kenneth C. Riney
State Bar No. 24046721
SDOT No. 1143239
E-Mail: kriney@krcl.com
Clayton S. Carter
State Bar No. 24120750
SDOT No. 3667162
E-Mail: ccarter@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:   (214) 777-4200
Facsimile:    (214) 777-4299

**ATTORNEYS FOR DEFENDANT
DOLLAR TREE STORES, INC.**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on this the 9th day of July, 2021, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for Plaintiff by operation of the Court's electronic filing system, unless counsel for Plaintiff is not registered with the CM/ECF system, in which case the undersigned certifies that a copy of the foregoing document was sent to counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure.

/s/ *Kenneth C. Riney*
Kenneth C. Riney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACQUELINE OLVERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 4:21-cv-02228 |
| | § | |
| DOLLAR TREE STORES, INC., | § | Jury Demand |
| | § | |
| Defendant. | § | |

### INDEX OF STATE COURT DOCUMENTS

| | DOCUMENT | DATE |
|---|---|---|
| 1. | Original Petition of Plaintiff Jacqueline Olvera Against Defendant Dollar Tree Stores, Inc. | 06/10/2021 |
| 2. | Civil Process Request | 06/10/2021 |
| 3. | Affidavit of Service on Defendant Dollar Tree Stores, Inc. | 06/15/2021 |
| 4. | Defendant Dollar Tree Stores, Inc.'s Original Answer | 07/02/2021 |
| 5. | Civil Docket Sheet | |

6/10/2021 9:59 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54283209
By: Carolina Salgado
Filed: 6/10/2021 9:59 AM

No. _____

| | | |
|---|---|---|
| JACQUELINE OLVERA, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| DOLLAR TREE STORES, INC.. | § § § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

### ORIGINAL PETITION OF PLAINTIFF JACQUELINE OLVERA AGAINST DEFENDANT DOLLAR TREE STORES, INC.

Plaintiff Jacqueline Olvera ("Plaintiff" or "Ms. Olvera") files her Original Petition against Defendant Dollar Tree Stores, Inc. ("Defendant" or "Dollar Tree") as follows:

### I. DISCOVERY

1. Plaintiff intends to conduct discovery under Level 3 of TEX. R. CIV. P. 190.

### II. NATURE OF ACTION

2. Plaintiff brings negligence causes of action in this suit. Because of Defendant's negligence, Plaintiff suffered personal injuries on or about December 5, 2019.

### III. PARTIES

3. Plaintiff Jacqueline Olvera is an individual that resides in Harris County, Texas.

4. Defendant, Dollar Tree Stores, Inc. is a foreign corporation, organized under the laws of Virginia, and operating a business for profit in the State of Texas at 6926 Antoine Dr., Houston, TX 77091, among other locations, and may be served with process

by serving its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701, or wherever they may be found.

## IV. JURISDICTION AND VENUE

5. Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.

6. This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional amount of this Court.

## V. FACTUAL BACKGROUND

7. On or about December 5, 2019, Ms. Olvera was shopping at the Dollar Tree store located at 6926 Antoine Dr., Houston, TX 77091 in Harris County, Texas (the "Premises"). As Ms. Olvera was shopping, she slipped on a slippery substance on the floor (the "Condition"). As a result of Ms. Olvera's fall from slipping on the Condition (the "Incident"), she suffered serious personal injuries.

8. At all times relevant to the allegations contained herein, and more particularly on or about December 5, 2019, Defendant Dollar Tree possessed the Premises, which included the Condition where Ms. Olvera was injured, exercising control thereon.

## VI. CAUSES OF ACTION: NEGLIGENCE (PREMISES LIABILITY)

9. On the day of the Incident, Ms. Olvera was shopping for groceries at Dollar Tree and was therefore an invitee on the Premises. Upon information and belief, Defendant, at all relevant times, was the possessor of the Premises, exercising control over the

Premises and having the right to manage, direct, superintend, and oversee the Premises. The Condition posed an unreasonable risk of harm to customers such as Ms. Olvera. Defendant knew about or reasonably should have known about this danger; through its own presence on its Premises, Defendant had actual or constructive knowledge of the danger posed by the Condition. Defendant breached its duty of ordinary care by failing to use reasonable care to adequately warn Ms. Olvera about the Condition or make the Condition reasonably safe.

10. The Defendant owed a duty of ordinary care to Ms. Olvera and breached that duty through its acts and omissions, including, but not limited to, the following:

    (a) creating the unreasonably dangerous Condition and failing to adequately warn Ms. Olvera about this Condition;

    (b) failing to make the Condition reasonably safe;

    (c) failing to adequately inspect for safety the area on the Premises where the Condition was;

    (d) failing to develop and adopt proper safety rules and regulations regarding the conditions such as the Condition, in order to avoid injury to customers;

    (e) failing to implement, abide by, and enforce existing safety rules and regulations regarding conditions such as the Condition, in order to avoid injury to customers;

    (f) failing to develop and institute proper rules, regulations, plans, and methods for the proper clearing or removal of and adequate warning of conditions such as the Condition, so as to avoid injury to customers;

    (g) failing to implement, abide by, and enforce existing safety rules, regulations, plans, and methods for the proper clearing or removal of and for adequate warnings regarding conditions such as the Condition so as to avoid injury to customers;

(h) failing to adopt and implement adequate training for employees with regard to proper clearing or removal of and adequately warning about conditions such as the Condition so as to avoid injury to customers;

(i) failing to adopt and implement adequate training for employees with regard to maintaining a reasonably safe Premises with regard to conditions such as the Condition;

(j) failing to take adequate precautions to prevent injuries like those sustained by Ms. Olvera.

The above also constitute premises defects.

11. Defendant's breach of its duties proximately caused Ms. Olvera to sustain severe personal injuries.

### VII. CAUSATION AND DAMAGES

12. Plaintiff incorporates all factual allegations made above.

13. As a proximate result of Defendant's negligent acts and/or omissions, Ms. Olvera has suffered in the past and will continue to suffer in the future: physical pain, mental anguish, physical impairment, medical expenses, loss of earning capacity, disfigurement, and all other elements of damages to which Plaintiff may show herself to be entitled under the law.

14. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

### VIII. CONDITIONS PRECEDENT

15. All conditions precedent to suit, if any, have taken place.

### IX. ALTERNATIVE PLEADINGS

16. To the extent facts and/or causes of action pled in this pleading are in conflict, they are pled in the alternative.

## X. JURY DEMAND

17. Plaintiff demands a trial by jury on all of her claims, the jury fee having been deposited with the Clerk of the Court.

## XI. RULE 193.7 DISCLOSURE

18. Pursuant to TEX. R. CIV. P. 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII. PRAYER

19. Plaintiff prays that judgment be entered against Defendant for:

   a. actual compensatory damages, including but not limited to:

   (1) physical pain in the past and future;

   (2) mental anguish in the past and future;

   (3) physical impairment in the past and future;

   (4) medical expenses in the past and future; and

   (5) loss of earning capacity in the past and future;

   (6) disfigurement in the past and future;

   b. all costs of court expended herein;

   c. pre-judgment and post-judgment interest at the maximum rate allowed by law; and

   d. all other relief to which Plaintiffs are justly entitled.

Respectfully submitted,

THE DE LA GARZA LAW GROUP

By: /s/Mario E. de la Garza
    Mario E. de la Garza
    State Bar No. 24040785
    mdelagarza@dlgtriallaw.com
    Daniela P. Armenta
    State Bar No. 24123162
    darmenta@dlgtriallaw.com
    1616 S. Voss, Suite 870
    Houston, Texas 77057
    (713) 784-1010
    (713) 784-1011 (fax)

ATTORNEY FOR PLAINTIFF

6/10/2021 9:59:23 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 54283209
By: SALGADO, CAROLINA
Filed: 6/10/2021 9:59:23 AM

## CIVIL PROCESS REQUEST

**2021-34847 / Court: 125**

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____   CURRENT COURT: _____

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): **Plaintiff's Original Petition**

FILE DATE OF MOTION: **June 10, 2021**
                        Month/      Day/      Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: **Dollar Tree Stores, Inc.**
   ADDRESS: **211 E. 7th Street, Suite 620, Austin, TX 78701**
   AGENT, (*if applicable*): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*): **Citation**

**SERVICE BY** (*check one*):
- ☐ ATTORNEY PICK-UP
- ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: **Republic Services, Inc. Box #176**   Phone: **713-957-0094**
- ☐ MAIL
- ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
   Type of Publication:
   - ☐ COURTHOUSE DOOR, or
   - ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☒ OTHER, *explain* **E-Issuance mdelagarza@dlgtriallaw.com**

*********************************************************************************************
****

2. NAME: _____
   ADDRESS: _____
   AGENT, (*if applicable*): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- ☐ ATTORNEY PICK-UP
- ☐ CONSTABLE
- ☐ CIVIL PROCESS SERVER - Authorized Person to Pick-up: **Republic Services, Inc. Box #176**   Phone: **713-957-0094**
- ☐ MAIL
- ☐ CERTIFIED MAIL
- ☐ PUBLICATION:
   Type of Publication:
   - ☐ COURTHOUSE DOOR, or
   - ☐ NEWSPAPER OF YOUR CHOICE: _____
- ☐ OTHER, *explain* _____

---

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: **Mario E. de la Garza**   TEXAS BAR NO./ID NO. **24040785**
MAILING ADDRESS: **1616 S. Voss, Suite 870, Houston, TX 77057**
PHONE NUMBER: **713**  **784-1010**   FAX NUMBER: **713**  **784-1011**
              area code  phone number                area code   fax number
EMAIL ADDRESS: **mdelagarza@dlgtriallaw.com**

Case 4:21-cv-02228   Document 1   Filed on 07/09/21 in TXSD   Page 14 of 20

6/15/2021 10:14 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54417725
By: JIMMY RODRIGUEZ
Filed: 6/15/2021 10:14 AM

# AFFIDAVIT OF SERVICE

**State of Texas**  **County of Harris**  **125th Judicial District Court**

Case Number: 2021-34847

Plaintiff:
**JACQUELINE OLVERA**

vs.

Defendant:
**DOLLAR TREE STORES, INC.**

Received these papers on the 10th day of June, 2021 at 1:30 pm to be served on **DOLLAR TREE STORES, INC. care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Jeff Keyton, being duly sworn, depose and say that on the **10th day of June, 2021** at **1:59 pm, I:**

hand delivered a true copy of this **Citation Corporate together with Original Petition of Plaintiff Jacqueline Olvera Against Defendant Dollar Tree Stores, Inc. and Rule 193.7 Disclosure** to **DOLLAR TREE STORES, INC. care of its Registered Agent, CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY,** by and through its designated agent, **JIM HERRIMAN**, at the address of: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701**, having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 10th day of June, 2021 by the affiant who is personally known to me.

NOTARY PUBLIC

Helen Broussard
My Commission Expires
11/04/2023
ID No 130429927

Jeff Keyton
PSC-735; Exp 7/31/2022

Our Job Serial Number: THP-2021002845
Ref: Olvera

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b



Case 4:21-cv-02228   Document 1   Filed on 07/09/21 in TXSD   Page 15 of 20

7/2/2021 9:23 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55006015
By: Kevin Childs
Filed: 7/2/2021 9:23 AM

CAUSE NO. 2021-34847

| | | |
|---|---|---|
| JACQUELINE OLVERA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| DOLLAR TREE STORES, INC., | § | |
| | § | |
| Defendant. | § | 125TH JUDICIAL DISTRICT |

### **DEFENDANT DOLLAR TREE STORES, INC.'S ORIGINAL ANSWER**

COMES NOW DOLLAR TREE STORES, INC. ("Defendant Dollar Tree"), Defendant in the above-referenced cause, and files this its Original Answer and in support thereof would show the Court as follows:

### I.
### **GENERAL DENIAL**

Defendant Dollar Tree places in issue all matters contained in Plaintiff's Original Petition and any amendments thereto, by general denial, pursuant to Rule 92 of the Texas Rules of Civil Procedure.

### II.
### **JURY DEMAND**

Defendant Dollar Tree respectfully demands a trial by jury.

### III.

Defendant Dollar Tree asserts that the alleged dangerous condition was open and obvious and/or known to Plaintiff.

### IV.

Defendant Dollar Tree asserts that Plaintiff was negligent with respect to the occurrence in question and that her negligence, fault, assumption of the risk, acts and/or omissions were the

---

**DEFENDANT DOLLAR TREE STORES, INC.'S ORIGINAL ANSWER**  PAGE 1
8587954 v1 (79656.00103.000)

sole proximate cause, or in the alternative, a contributing proximate cause of this occurrence and Plaintiff's damages, if any.

## V.

Defendant Dollar Tree alleges that the negligence, fault, responsibility, acts and/or omissions of other defendants, responsible third parties or other entities or persons bar in whole or in part Plaintiff's claims for damages from Defendant Dollar Tree. Such negligence, fault, responsibility, acts and/or omissions on the part of others were either the sole proximate cause or a concurring cause of the occurrence and Plaintiff's damages, if any.

## VI.

Defendant Dollar Tree asserts that in accordance with Section 33.013 of the Texas Civil Practice & Remedies Code, this Defendant may not be held jointly and severally liable for any amount of damages claimed herein unless the percentage of responsibility of this Defendant when compared with that of each responsible party, each settling person, and each responsible third party, is greater than fifty percent (50%).

## VII.

Defendant Dollar Tree invokes the limitation on liability for medical or health care expenses as provided by section 41.0105 of the Texas Civil Practice and Remedies Code. Specifically, Plaintiff is limited to recovery of medical or health care expenses actually paid or incurred by or on behalf of Plaintiff, not to include amounts adjusted, discounted or written-off, as reflected in Plaintiff's medical billing records that are produced in this matter.

## VIII.

Defendant Dollar Tree asserts that Plaintiff's damages with respect to loss of earnings and/or loss of earning capacity, if any, are limited to a net loss after reduction for income tax

payments or unpaid tax liability pursuant to any federal income tax law, pursuant to section 18.091 of the Texas Civil Practice and Remedies Code.

## IX.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant Dollar Tree hereby places the parties to this suit on notice of its intent to use all documents produced by the parties in response to written discovery in all pretrial proceedings and/or at trial of the above-entitled and numbered cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Dollar Tree prays that Plaintiff take nothing by her suit against Defendant Dollar Tree, that Defendant Dollar Tree recover all costs, and for such other and further relief to which Defendant Dollar Tree may show itself to be justly entitled, both at law and in equity.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kenneth C. Riney*
Kenneth C. Riney
State Bar No. 24046721
E-Mail: kriney@krcl.com
Clayton S. Carter
State Bar No. 24120750
E-Mail: ccarter@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:    (214) 777-4200
Facsimile:    (214) 777-4299

**ATTORNEYS FOR DEFENDANT
DOLLAR TREE STORES, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of foregoing has been served on the 2nd day of July 2021, as follows:

***VIA E-SERVICE:*** mdelagarza@dlgtriallaw.com; darmenta@dlgtriallaw.com
Mario E. De La Garza
Daniela P. Armenta
THE DE LA GARZA LAW GROUP
1616 S. Voss, Suite 870
Houston, Texas 77057

*/s/ Kenneth C. Riney*
Kenneth C. Riney

HCDistrictclerk.com	OLVERA, JACQUELINE vs. DOLLAR TREE STORES INC	7/9/2021

Cause: 202134847   CDI: 7   Court: 125

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| File Date | 6/10/2021 |
| Case (Cause) Location | |
| Case (Cause) Status | Active - Civil |
| Case (Cause) Type | Premises |
| Next/Last Setting Date | N/A |
| Jury Fee Paid Date | 7/2/2021 |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| Court | 125th |
| Address | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686141 |
| JudgeName | KYLE CARTER |
| Court Type | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| OLVERA, JACQUELINE | PLAINTIFF - CIVIL | | DE LA GARZA, MARIO ERNESTO |
| DOLLAR TREE STORES INC | DEFENDANT - CIVIL | | RINEY, KENNETH CHARLES |
| DOLLAR TREE STORES INC (A FOREIGN CORPORATION) MAY BE SERVED | REGISTERED AGENT | | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 7/2/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 7/2/2021 | ANSWER ORIGINAL PETITION | | | 0 | | RINEY, KENNETH CHARLES | DOLLAR TREE STORES INC |
| 7/2/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 6/10/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 6/10/2021 | ORIGINAL PETITION | | | 0 | | DE LA GARZA, MARIO ERNESTO | OLVERA, JACQUELINE |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION CORPORATE | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | DOLLAR TREE STORES INC (A FOREIGN CORPORATION) MAY BE SERVED | 6/10/2021 | | 6/10/2021 | 6/10/2021 | | 73879062 | E-MAIL |

211 E 7TH STREET SUITE 620 AUSTIN TX 78701

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 96646734 | Defendant Dollar Tree Stores Inc's Original Answer | | 07/02/2021 | 4 |
| 96348434 | Affidavit of Service | | 06/15/2021 | 1 |
| 96275398 | Original Petition of Plaintiff Jacqueline Olvera against Defendant Dollar Tree Stores Inc | | 06/10/2021 | 6 |
| ·> 96275399 | Civil Process Request | | 06/10/2021 | 1 |